UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GARY WAYNE SUTTON,                 )
                                   )
          Petitioner,              )
                                   )
v.                                 )          Case No. _____
                                   )          Judge _____
BRUCE WESTBROOKS, Warden,          )          DEATH PENALTY CASE
                                   )
          Respondent.              )

---

**SECOND PETITION UNDER 28 U.S.C. § 2254
FOR WRIT OF HABEAS CORPUS**

---

Susanne Bales, BPR# 017868
FEDERAL DEFENDER SERVICES
  OF EASTERN TENNESSEE, INC.
Asst. Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
(865) 637-7979

*Attorney for Gary Wayne Sutton*

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................i

PARTIES................................................................................................................... 1

JURISDICTION AND VENUE................................................................................... 2

STATEMENT OF THE CASE..................................................................................... 2

    A.    State Court *Johnson* Exhaustion Proceedings......................................... 3

    B.    Premature Protective Federal *Johnson* Proceedings............................. 4

STATEMENT OF JURISDICTION .............................................................................. 5

CLAIM FOR RELIEF ................................................................................................ 7

    A.    The Death Sentence Should Be Vacated Because It Is Supported by an Unconstitutionally Vague Aggravating Circumstance. .......................... 7

            1.    A sentence enhancement based on a prior conviction of an unenumerated violent felony is unconstitutionally vague........... 8

            2.    The prior violent felony aggravating circumstance supporting Sutton's death sentence is unconstitutionally vague................. 10

CONCLUSION......................................................................................................... 18

RELIEF REQUESTED.............................................................................................. 18

CERTIFICATE OF SERVICE ................................................................................... 20

VERIFICATION OF COUNSEL ............................................................................... 21

Case 3:17-cv-00226-TAV-CCS    Document 1    Filed 05/25/17    Page 2 of 24    PageID #: 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GARY WAYNE SUTTON,                  )
                                    )
        Petitioner,                 )
                                    )
v.                                  )        Case No. _____
                                    )        Judge _____
BRUCE WESTBROOKS, Warden,           )        DEATH PENALTY CASE
                                    )
        Respondent.                 )

## SECOND PETITION UNDER 28 U.S.C. § 2254
## FOR WRIT OF HABEAS CORPUS

This petition presents Mr. Sutton's later-arising, newly exhausted claim that

his death sentence is unconstitutional because it rests upon a single

unconstitutionally vague aggravating circumstance. *Johnson v. United States,* 136

S. Ct. 1257 (2015) (enhancing a sentence based upon a vaguely defined prior

conviction denies due process of law). Pursuant to provisions of 28 U.S.C. § 2241 *et*

*seq.* (including 28 U.S.C. § 2254), Mr. Sutton moves this Court to issue a writ of

habeas corpus for Respondent to bring Petitioner before the Court to the end that he

may be discharged from his unconstitutional and invalid sentence of death.

## <u>PARTIES</u>

The Petitioner, Gary Wayne Sutton is an adult, resident citizen of the United

States of America currently incarcerated at Riverbend Maximum Security

Institution in Nashville, Tennessee.

The Respondent, Bruce Westbrooks, is the warden of Riverbend Maximum Security Institution where Mr. Sutton is detained. Mr. Westbrooks is detaining Mr. Sutton pursuant to a judgment of the Circuit Court for Blount County, Tennessee, in violation of the Constitution or laws of the United States, as described herein.

## JURISDICTION AND VENUE

This Court has jurisdiction to entertain this numerically second petition and grant the relief requested, pursuant to Article I, Section 9 of the United States Constitution, Article III of the United States Constitution, the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, 28 U.S.C. § 1331, and 28 U.S.C. § 2241 *et seq.*, including 28 U.S.C. § 2254. *See infra* p. 5 for further discussion of jurisdiction.

Venue is proper in this district pursuant to 28 U.S.C. § 2241(d), because Mr. Sutton was tried, convicted and sentenced to death in the Circuit Court of Blount County, Tennessee.

## STATEMENT OF THE CASE

Mr. Sutton was convicted of first degree murder and was sentenced to death. Supporting the death sentence is the prior violent felony statutory aggravating circumstance: "the defendant was previously convicted of one (1) or more felonies, other than the present charge, whose statutory elements involve the use of violence to the person[.]" (Add.1, Vol.5, Trial Tech. Rec. pp.704, 713); Tenn. Code Ann. § 39-13-204(i)(2) (1996).

{2}

The Tennessee Supreme Court upheld Mr. Sutton's conviction and death sentence. *State v. Sutton*, 79 S.W.3d 458 (Tenn. 2002), *cert. denied Sutton v. State*, No. 02-6354, 537 U.S. 1090 (2002). The state courts denied post-conviction relief. *Sutton v. State*, No. E2004-02305-CCA-R3-PD, 2006 WL 1472542 (Tenn. Crim. App. May 30, 2006), appeal denied Oct. 2, 2006. The federal courts denied habeas corpus relief. *Sutton v. Bell*, 683 F. Supp. 2d 640 (E.D. Tenn. 2010); *Sutton v. Bell*, No. 3:06-cv-388, 2011 WL 1225891 (E.D. Tenn. Mar. 30, 2011); *Sutton v. Carpenter*, 617 Fed. Appx. 434 (6th Cir. 2015), *cert. denied sub nom. Sutton v. Westbrooks*, 136 S. Ct. 1494 (2016).

On June 26, 2015, the United Supreme Court issued its opinion in *Johnson v. United States,* 135 S. Ct. 2551 (2015), holding that increasing a sentence based upon vaguely defined prior convictions violates due process. On April 18, 2016, the United States Supreme Court held *Johnson* is a new rule of substantive law that must be applied retroactively to cases on collateral review. *Welch v. United States,* 136 S. Ct. 1257 (2016).

## A.    State Court *Johnson* Exhaustion Proceedings

On June 14, 2016, Mr. Sutton filed a motion to reopen his post-conviction petition based on the new rule established in *Johnson*.  (Copy attached hereto as Attachment 1.)

On September 21, 2016, the state trial court issued a written opinion denying the motion to reopen. (Copy attached hereto as Attachment 2.)

Mr. Sutton timely appealed the state trial court denial. On January 23, 2017, the Tennessee Court of Criminal Appeals ruled on the merits of Mr. Sutton's *Johnson* claim. The state appellate court observed "**the instant application is timely, and based upon the information included, this Court is able to consider the merits thereof**." *Sutton v. State*, No. E2016-02112-CCA-R28-PD, slip op. at 1 (Tenn. Crim. App. Jan. 23, 2017) (emphasis added). (Copy attached hereto as Attachment 3.) The state appellate court denied relief. *Id.*

The Tennessee Supreme Court denied review on May 18, 2017. *Sutton v. State*, No. E2016-02112-SC-R11-PD, slip op., (Tenn. 2017). (Copy attached hereto as Attachment 4.)

## B.  Premature Protective Federal *Johnson* Proceedings

Out of an abundance of caution, and to ensure compliance with the federal statute of limitations, on June 16, 2016, pursuant to 28 U.S.C. § 2244, Mr. Sutton moved in the Sixth Circuit for permission to file a successive application for relief, raising the newly arising, unexhausted *Johnson* claim. (*In re Gary Wayne Sutton*, No. 16-5852, (6th Cir.), R.4-2). He noted the pending exhaustion proceedings, (*Id.*, R. 4-3, p. 6 n. 1), and also urged the federal court to permit the state court to review the claim first, (*Id.*, R. 4-4, pp. 10-13).

On June 23, 2016, because the Sixth Circuit had yet to rule on his motion, and because the federal statute of limitations arguably was approaching, Mr. Sutton filed a protective petition under 28 U.S.C. § 2254 raising the same claim. (*Sutton v. Westbrooks*, No. 3:16-cv-375 (E.D. Tenn.), R.1). Mr. Sutton noted that the

{4}

claim was unexhausted, that a motion to reopen based on *Johnson* was pending in state court, that the federal petition was being filed in district court out of an abundance of caution, and that the appropriate course was to stay the federal petition until the state court had the opportunity to review the claim. (*Sutton v. Westbrooks*, No. 3:16-cv-375, (E.D. Tenn.), R.1, PageID# 10-13).

On October 5, 2016, the Sixth Circuit denied Mr. Sutton's application for permission to file a successive petition. (*In re Gary Wayne Sutton*, No. 16-5852 (6th Cir.), R.12-1, p.3).

Soon thereafter, this Court dismissed Mr. Sutton's protective filing. (*Sutton v. Westbrooks*, No. 3:16-cv-375, (E.D. Tenn.), R.10, PageID# 51.)

## STATEMENT OF JURISDICTION

This petition contains a claim that could not have been raised in Mr. Sutton's first habeas petition and it is brought following timely state exhaustion proceedings that resulted in a merits determination. *Slack v. McDaniel,* 529 U.S. 473, 486-87 (2000); *Stewart v. Martinez-Villareal,* 523 U.S. 637, 644 (1998)). It is not a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b).

Not every numerically second petition is subject to the AEDPA's "second or successive petition" gatekeeping procedures. See 28 U.S.C. § 2244(b)(3). The Supreme Court has explained that the phrase "second or successive petition" is a "term of art given substance" in the Court's prior habeas cases. *Slack v. McDaniel, supra* at 486; *see also Stewart v. Martinez–Villareal, supra* (competency to be

{5}

executed claim was not barred even though a prior petition raising the same claim had been dismissed because the claim was unripe).

In *Stewart v. Martinez-Villareal,* the Supreme Court noted: "[N]one of our cases ... have ever suggested that a prisoner whose habeas petition was dismissed for failure to exhaust state remedies, and who then did exhaust those remedies and returned to federal court, was by such action filing a successive petition. A court where such a petition was filed could adjudicate these claims under the same standard as would govern those made in any other first petition." *Stewart v. Martinez-Villareal,* 523 U.S. at 644; S*ee also Slack v. McDaniel,* 529 U.S. at 486 (same).

The Sixth Circuit has followed this approach. *In re Bowen,* 436 F.3d 699, 704-05 (6th Cir. 2006). In *Bowen,* the Sixth Circuit explained that where the petitioner does not abandon known issues, or where the petitioner cannot bring the claim as a matter of law, once the claim ripens, it may not be subjected to the restrictions of 28 U.S.C. § 2244(b). *Id. See also In re Lott,* 366 F.3d 431, 432 (6th Cir. 2004); *In re Bowling,* 2007 WL 4943732 *2-3 (6th Cir. 2007) (28 U.S.C. § 2244(b) codified the abuse-of-the writ doctrine under which claims that could have been raised, but were not, may not later be presented); *Askew v. Bradshaw,* 636 Fed. Appx. 342, 347 (6th Cir. 2016) ("an 'application' containing a 'claim' that 'the petitioner had no fair opportunity to raise' in his first habeas petition is not a 'second or successive' application").

Nor should Mr. Sutton's prior federal protective filings be dispositive. The appeals court's decision as to whether to grant permission to file a "second or successive" petition is a jurisdictional prerequisite to merits review of a claim brought in a "second or successive" petition. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Because the Sixth Circuit did not authorize the filing of the petition containing the *Johnson* claim, there has not been an adjudication on the merits of the claim. In *Stewart v. Martinez-Villareal*, the Supreme Court explained that if a prior filing did not result in an adjudication on the merits, the Petitioner may later seek review of the claim when it is ripe and exhausted. 523 U.S. 637, 645 (1998).

Here, Mr. Sutton's *Johnson* claim did not exist when his first habeas petition was adjudicated in 2011. Thus, he did not have fair opportunity to raise it at that time. He timely sought review in state court and his constitutional claim is now exhausted. Now that Mr. Sutton's claim has been fully exhausted, he timely presents the claim to this Court pursuant to 28 U.S.C. § 2254.

## CLAIM FOR RELIEF

### A. The Death Sentence Should Be Vacated Because It Is Supported by an Unconstitutionally Vague Aggravating Circumstance.

The sole aggravating circumstance supporting Mr. Sutton's death sentence is this: "the defendant was previously convicted of one (1) or more felonies, other than the present charge, whose statutory elements involve the use of violence to the person[.]" (Add.1, Vol.5, Trial Tech. Rec. pp.704, 713); Tenn. Code Ann. § 39-13-204(i)(2) (1996). Under *Johnson,* this aggravating circumstance is vague and cannot support the death sentence. Further, the state court's resolution of this claim is an

unreasonable application of, or contrary to, the rule announced in *Johnson*. 28 U.S.C. § 2254(d).

The Fifth and Fourteenth Amendments provide that "no person shall . . . be deprived of life, liberty, or property, without due process of law." This guarantee is violated when a State takes away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983). The void-for-vagueness doctrine applies not only to statutes defining elements of crimes, but also to statutes fixing sentences. *United States v. Batchelder*, 442 U.S. 114, 123 (1979). Such vagueness in the death penalty context violates not only the Fifth and Fourteenth Amendments but also the Eighth Amendment. *Maynard v. Cartwright*, 486 U.S. 356, 363-64 (1988). It is axiomatic that a sentence of death which rests entirely upon an unconstitutionally vague aggravating factor is invalid. *Godfrey v. Georgia*, 446 U.S. 420, 427-28 (1980).

### 1.   A sentence enhancement based on a prior conviction of an unenumerated violent felony is unconstitutionally vague.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held a portion of the federal Armed Career Criminal Act ("ACCA")[1] unconstitutionally vague. The ACCA increases punishment for a felon in possession of a firearm if that felon had three previous convictions for a "violent felony," a term defined by the statute as:

---

[1] 18 U.S.C. § 924(e)(2)(B).

any crime punishable by imprisonment for a term exceeding one year ... that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives; or

otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

The Supreme Court found the residual clause unconstitutionally vague because it requires consideration of whether the prior conviction "involves conduct" of a certain nature and thus extends beyond review of the elements of the crime. *Johnson,* 135 S. Ct. at 2557. The Supreme Court explained that while subpart (i) of the ACCA is restricted to the legal definition of a crime, the residual clause in subpart (ii) is not and its application requires the trial court to determine whether the crime involves certain conduct. The Court concluded that by permitting the trial court to stray beyond the elements of the offense, when reviewing a prior conviction, the residual clause permitted "indeterminacy of the wide-ranging inquiry ... [that] both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* "The residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.*, at 2558.

The *Johnson* Court noted the "failure of 'persistent efforts ... to establish a standard' can provide evidence of vagueness" and this was the case with the residual clause. *Id.* (quoting *United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 91 (1921)). The Court observed that in three of the four prior decisions about the

{9}

residual clause, the court "found it necessary to resort to a different ad hoc test to guide our inquiry." *Johnson,* 135 S. Ct. at 2558. Repeated attempts to "craft a principled and objective standard … confirm its hopeless indeterminacy." *Id.* The Supreme Court also noted that the lower federal courts have "trouble making sense of the residual clause." *Id.* at 2559-60. The Court noted the disagreements centered on the "nature of the inquiry" the court must conduct to determine whether a prior conviction qualifies. *Id.* at 2560.

In *Johnson,* the dissent urged that the residual clause could be salvaged by reviewing the "particular conduct in which the defendant engaged." *Id.* at 2562. The Supreme Court explicitly rejected this approach, reasoning that the sentence enhancement must be based on convictions and not on facts unadjudicated or conduct underlying the conviction. This is so because of the difficulty of "requiring a sentencing court to reconstruct, long after the original conviction, the conduct underlying that conviction." *Id.*

Thus, under *Johnson,* a sentencing enhancement that requires a trial court to look beyond the elements of a prior conviction to determine the nature of the underlying conduct is unconstitutional because it does not provide due process of law and is subject to arbitrary enforcement.

2. **The prior violent felony aggravating circumstance supporting Sutton's death sentence is unconstitutionally vague.**

The Supreme Court's vagueness analysis from *Johnson* is applicable here. The statutory language at issue in *Johnson* requires a prior violent felony conviction that "'*involves* conduct that presents a serious potential risk of physical

injury to another.'" *Johnson*, 135 S. Ct. at 2555-56 (quoting 18 U.S.C. § 922(e)(2)(B)) (emphasis added). Tennessee's aggravating circumstance required a finding of a felony conviction "whose statutory elements *involve* the use of violence to the person." Tenn. Code Ann. § 39-13-204(i)(2) (1989) (emphasis added). Thus, just as in *Johnson*, the trial court is required to apply imprecise language and determine whether the prior conviction "involved" conduct of a certain type.

Moreover, Tennessee law permits application of the aggravator even where violence is not a necessary element of the offense. *See State v. Sims*, 45 S.W.3d 1, 10-12 (Tenn. 2001). Tennessee's criminal law statutes do contain criminal offenses which have violence as a specific element of the offense. *See, e.g.,* Tenn. Code Ann. § 39-13-401 (robbery is theft accomplished by violence or putting the person in fear); Tenn. Code Ann. § 39-13-501(1) (sexual offenses may be committed by coercion, which is statutorily defined to include threat of violence). But Tennessee's aggravating circumstance is not limited to crimes where violence is an element of the offense. *Sims, supra.* If violence is not an enumerated element of the offense, the trial court is permitted to make a determination about whether the prior offense qualifies. Just as in *Johnson,* this determination is subject to arbitrariness.

This after the fact judicial assessment of whether the conviction "involved" certain conduct places the (i)(2) aggravator in the same vagueness trap as the ACCA's residual clause because it fails to provide notice of the conduct that may enhance a sentence and it fails to provide a standard that avoids arbitrary application. *Johnson*, 135 S. Ct. at 2556.

In *Shuti v. Lynch*, the Sixth Circuit Court of Appeals found the focus on whether the prior conviction "involves" conduct was determinative. There, the court held *Johnson* applies to immigration proceedings and that the Immigration and Nationality Act ("INA")'s definition of "crime of violence" was unconstitutionally vague. *Shuti v. Lynch* 828 F.3d 440, 450-51 (6th Cir. July 7, 2016). The appeals court noted that the residual clause at issue in *Johnson* was not identical to the residual clause at issue in the INA cases but bore a "textual resemblance." *Id*. at 446. Further, in "both statutes, Congress has focused on the fact of prior 'conviction,' *compare* 8 U.S.C. § 1227(a)(2)(A)(iii), *with* 18 U.S.C. § 924(e)(1), and in both residual provisions Congress has asked whether the [conviction] ... 'involves'" certain conduct. *Id*. By reviewing prior convictions, and determining whether they "involved" certain conduct, the INA and the ACCA are both vague and deny "fair notice to defendants and invites arbitrary enforcement by judges." *Id*. (quoting *Johnson*, 135 S. Ct. at 2557) (internal quotation marks omitted).

The breadth of Tennessee's enhancement factor leads to an unconstitutional, "wide-ranging inquiry" into whether a prior conviction was for a violent felony. *Id*. (quoting *Johnson*, 135 S. Ct. at 2557) (internal quotation marks omitted). This inquiry violates due process by requiring a defendant to defend against the allegation that his potentially decades-old conduct did, in fact, involve the use of violence against a person. Determining whether any crime, as defined by the particular statute, involved any type of conduct apart from its enumerated elements

is an impossibly speculative task and fails to give ordinary people fair notice of the conduct it punishes. *Johnson*, 135 S. Ct. 2556-59.

Another factor relied upon in *Johnson* and present in Sutton's case is that the Tennessee aggravator is not susceptible to principled application. Tennessee trial courts have struggled with determining whether the prior conviction is one whose "statutory elements involve the use of violence to the person." In a remarkably large number of cases, the trial courts have gotten it wrong. *See*, *e.g.*, *State v. Ivy*, 188 S.W.3d 132, 151-52 (Tenn. 2006) (trial court erred in applying Tenn. Code Ann. § 39-13-204(i)(2) (1989) when it instructed jury that two prior convictions for aggravated assault involved violence to the person); *State v. Rice*, 184 S.W.3d 646 (Tenn. 2006) (trial court erred in applying Tenn. Code Ann. § 39-13-204(i)(2)(1989) when it permitted the jury to consider an aggravated assault conviction); *State v. Bell*, No. W2012-02017-SC-DDT-DD, 2015 WL 12582638, at *27 (Tenn. Sept. 10, 2015) (not for publication) ("Because the State adduced no proof of the facts underlying the Defendant's prior convictions," trial court erred applying Tenn. Code Ann. § 39-13-204(i)(2) (1989) when it permitted the jury to consider the prior violent felony aggravating circumstance); *State v. Young*, 196 S.W.3d 85 (Tenn. 2006) (trial court erred in applying Tenn. Code Ann. 39-13-204(i)(2) (1989) when it instructed the jury to consider the defendant's kidnapping conviction in determining whether to apply the prior violent felony (i)(2) aggravator); *State v. Rollins*, 188 S.W.3d 553 (Tenn. 2006) (evidence was insufficient to determine whether the statutory elements of defendant's prior felony convictions involved "use of violence to the

{13}

person" to support the jury's finding of the Tenn. Code Ann. § 39-13-204(i)(2) (1989) aggravating circumstance); *State v. Guy*, 165 S.W.3d 651, 665 (Tenn. Crim. App. 2004) (evidence of defendant's prior assault convictions was insufficient to support application of Tenn. Code Ann. § 39-13-204(i)(2) (1989) and "should not have been submitted to the jury" in a life without parole case); *State v. Fitch*, No. W2004-02833-CCA-R3-DD, 2006 WL 3147057 (Tenn. Crim. App. Nov. 2, 2006) (trial court erred in applying Tenn. Code Ann. § 39-13-204(i)(2)(1989) when it considered facts contained in an affidavit in determining whether a prior felony conviction involved violence to the person).

Just as in *Johnson,* Tenn. Code Ann. § 39-13-204(i)(2) (1996) requires the court to look beyond the elements of the offense to determine its applicability. Just as in *Johnson,* Tenn. Code Ann. § 39-13-204(i)(2) is not susceptible to consistent, rational application and is subject to arbitrary enforcement. Just as in *Johnson,* the sentencing enhancement is vague.

In addressing the merits of Mr. Sutton's *Johnson* claim, the state appellate court held as follows:

> *Johnson* invalidated as vague that part of the federal statutory definition of "violent felony" requiring a court to examine whether an offense could potentially involve *conduct* which poses a risk of physical injury. It left intact the language defining a "violent felony" as one having the use of physical force as a statutory *element* of the offense. As the Supreme Court later stated: "For purposes of the residual clause, then, courts were to determine whether a crime involved a 'serious potential risk of physical injury' by considering not the defendant's actual conduct but an idealized ordinary case of the crime." *Welch v. United States,* 136 S. Ct. at 1262 (citing *Johnson,* 135 S. Ct. at 2561). "The residual clause failed not because it adopted a 'serious potential risk' standard but because applying that standard under the

{14}

categorical approach required courts to assess the hypothetical risk posed by an abstract generic version of the offense." *Id.*

> The plain language of the (i)(2) aggravating circumstance resembles that of the ACCA held to be valid. In order to qualify as an aggravating circumstance in Tennessee, a conviction for a prior felony must be for one whose statutory elements involve the use of violence. § 39-13-204(i)(2). Whether the *statutory elements* of an offense include the use of violence to the person is a question of law for the trial court. *Sims*, 45 S.W.3d at 11. However, whether the State has proven the defendant has a prior conviction for that offense pursuant to the (i)(2) aggravating circumstance remains a matter for the trier of fact. *See State v. Ivy*, 188 S.W.3d 132, 151 (Tenn. 2006) (citing *State v. Cole*, 155 S.W.3d 885, 904 (Tenn. 2005)). The finding of the trier of fact is subject to a sufficiency of the evidence analysis. In its analysis in *Johnson*, the Supreme Court explained that "a court assesses whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." 135 S. Ct. at 2557 (internal citation omitted). Because the ACCA refers to a person who has previous "convictions," instead of a person who "committed" previous offenses, the Supreme Court opined that "Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions." *Id.* at 2562 (internal citation omitted). The Appellant's argument in the case at hand is, therefore, misplaced.

*Sutton v. State*, No. E2016-02112-CCA-R28-PD, slip op. at 3-4 (Tenn. Crim. App. Jan. 23, 2017) (See Attachment 3).

The state court unreasonably applied the holding in *Johnson* when it focused exclusively on whether Tennessee's aggravating circumstance contains the word "elements." By focusing solely on the word "elements" the state court overlooked the ways in which Tennessee's statute is more similar to the residual clause. While it is true that the Supreme Court upheld the portion of the ACCA that contains the word "element", it is also true that the Supreme Court struck the portion of the ACCA that contains the word "involves." Tennessee's aggravator contains the word

{15}

"elements" but it also contains the word "involves." The state court failed to appreciate the import of the fact that the aggravator requires that the prior conviction "involve" the use of violence. In the *Johnson* opinion, the Supreme Court explained that the word "involve" introduces indeterminacy into the analysis. *Johnson*, 135 S. Ct. 2557 ("[U]nlike the part of the definition of a violent felony that asks whether the crime 'has as an element the use … of physical force, the residual clause asks whether the crime '*involves conduct*' that presents too much risk of physical injury.") The Supreme Court asked, "How does one go about deciding what kind of conduct the 'ordinary case' of a crime involves?" *Id*. As explained in *Shuti, supra* p. 12*,* the requirement that the trial court determine whether the prior conviction "involves" conduct of a certain nature is a key fact under *Johnson*. Tennessee's aggravator suffers the same constitutional frailty.  In Mr. Sutton's case, the state court conclusively noted the trial court makes a "legal determination" about whether a prior felony which does not contain violence as an enumerated element qualifies as a prior violent felony.  That a decision is made by a trial court does not vest the decision with principle or predictability sufficient to satisfy due process.  Tennessee's procedure is subject to the same sort of arbitrary application condemned in *Johnson*.

Further, whereas the subpart (i) of the ACCA enhances a defendant's sentence only when a defendant's prior offense has *as an element* the use of physical force (a legal inquiry), Tennessee's aggravator enhanced a defendant's sentence when a prior conviction had an element that *involved the use of violence*. Put

another way, subpart (i) relies upon the elements of the prior conviction whereas the prior violent felony aggravator applied in Sutton's case did not. In Tennessee, the prior conviction need not contain an element of violence.  The universe of prior conviction that could be used as an aggravator was therefore unlimited.

This difference could not be more material. It is the very fact that the elements clause considers *only* the elements of the offense of conviction, and *not* the defendant's conduct in carrying out that offense, that assures its constitutionality. In *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016), the Supreme Court recently explained elements are the "constituent parts of a crime's legal definition" while the facts are "mere real-world things."  The Tennessee statute asks whether the prior conviction had an element that *involved the use of violence*.  This is the same question posed by the ACCA's residual clause: whether the prior conviction *involved conduct* presenting a risk of injury. It is the need for a similar after-the-fact inquiry into the defendant's long past conduct that underlies *Johnson's* invalidation of the residual clause. Accordingly, use of the prior violent felony aggravator in this case runs afoul of the retroactive rule in *Johnson* because there is "no reliable way" to interpret, or "grave uncertainty" about, the scope of the aggravator. *Johnson*, 135 S. Ct. at 2557-58.

Both statutes necessitate an examination of whether the crime of conviction involves conduct that presents a risk of (or involved) physical injury (or violence) so great as to justify an enhanced punishment. Determining whether any crime, as defined by the particular statute, involved any type of conduct apart from its

enumerated elements is an impossibly speculative task. The Supreme Court found this to be true even where "common sense" might dictate what type of conduct was involved in committing certain offenses. *Johnson*, 135 S. Ct. at 2559.

## CONCLUSION

Just as the Supreme Court found in *Johnson*, Tennessee's prior violent felony aggravating circumstance is unconstitutionally vague. Like the language of the residual clause that was the focus of the *Johnson* opinion, the language of the aggravating circumstance not only requires a "conviction" but also requires consideration of the conduct of the offense rather than the elements of conviction. Since the Tennessee aggravator is established by a judicial determination of conduct rather than statutory elements, vagueness as to what supports it is the necessary result. The category of crimes that involve the use of violence to the person is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement" *Johnson*, 135 S. Ct. at 2556. The aggravator supporting Mr. Sutton's death sentence is unconstitutionally vague.

## RELIEF REQUESTED

For the above-stated reasons Sutton respectfully requests:

1. That respondent be required to answer the allegations of this petition and/or an amended petition;

2. That petitioner be granted an opportunity to file a reply to the answer and to expand the record as may be appropriate;

{18}

3.        That the Court hear oral argument on petitioner's claim;

4.        That after such a hearing, the Court vacate the unconstitutional death sentence;

5.        That should this Court conclude this filing is barred by 28 U.S.C. § 2244(b)(3), the Court transfer it to the Sixth Circuit; and

6.        That the Court grant all other relief as may be appropriate under the facts and circumstances as developed in this proceeding.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

BY:    <u>s/Susanne Bales</u>
Susanne Bales
Asst. Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
(865) 637-7979
Susanne_Bales@fd.org

{19}

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2017, the foregoing *Second Petition for Writ under 28 U.S.C. § 2254 for Writ of Habeas Corpus* was filed electronically. Notice was electronically mailed by the Court's electronic filing system to all parties indicated on the electronic filing receipt. Notice was delivered by other means to all other parties via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Susanne Bales
Susanne Bales

## <u>VERIFICATION OF COUNSEL</u>

On behalf of Petitioner Gary Wayne Sutton, and with the permission of Mr.

Sutton, I declare under penalty of perjury that the foregoing is true and correct, this

the 25th day of May, 2017.

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

BY:   <u>s/Susanne Bales</u>
Susanne Bales
Asst. Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
(865) 637-7979

Attorney for Gary Wayne Sutton

{21}

## **VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22 day of ___May___, 2017.

_____
Gary Wayne Sutton, Petitioner