IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE
AT MARYVILLE

FILED

JUN 14 2016

TOM HATCHER
CIRCUIT COURT CLERK

GARY W. SUTTON,                    )
                                   )
    Petitioner,              )
                                   )
                                   )      No. C-14433
v.                                 )      Post-Conviction (Death Penalty)
                                   )
STATE OF TENNESSEE,                )
                                   )
    Respondent.              )

## MOTION TO REOPEN POST-CONVICTION PETITION

Mailing Address of Petitioner:      Mr. Gary W. Sutton, 218364
                                  Riverbend Maximum Security Institution
                                  7475 Cockrill Bend Boulevard
                                  Nashville, Tennessee 37209

Place of Confinement:               Riverbend Maximum Security Institution
                                  7475 Cockrill Bend Boulevard
                                  Nashville, Tennessee 37209

Department of Correction Number:    218364

---

    Petitioner Gary W. Sutton moves this Court to reopen his post-conviction proceedings,

pursuant to Article I, §§ 8, 9, 16 and 17 and Article XI, § 16 of the Tennessee Constitution,

Amendments 5, 6, 8, and 14 to the United States Constitution, and the Post-Conviction

Procedure Act, Tenn. Code Ann. § 40-30-101 *et seq.*.[1]

### INTRODUCTION

    Sutton's Motion to Reopen raises the issue of what standards are to be followed when

increasing a defendant's sentence based upon prior criminal convictions. In Sutton's case, the

---

    [1]The instant Motion to Reopen Post-Conviction Petition contains the same information as
required by the form petition set out in the Appendix of Tennessee Supreme Court Rule 28.

State of Tennessee procured the increased sentence of death by relying on the statutory aggravating circumstance that Sutton had been "previously convicted of one (1) or more felonies, other than the present charge, whose statutory elements involve the use of violence to the person." Tenn. Code Ann. § 39-13-204(i)(2) (1996). The United States Supreme Court recently held that enforcing a statute that permits increasing a sentence based upon vaguely defined prior convictions violates due process of law because it "denie[s] fair notice to defendants and invites arbitrary enforcement by judges." *Johnson v. United* States, 135 S. Ct. 2551, 2560 (2015). As will be discussed below, the *Johnson* Court's vagueness analysis applies with equal force to the aggravating circumstance in Sutton's case.

The United States Supreme Court has found *Johnson* is a new rule of substantive law that must be applied retroactively. *Welch v. United* States, 136 S. Ct. 1257 (2016). For this reason, this Court must reopen Petitioner Sutton's post-conviction petition, review his claims, and ultimately vacate his death sentence.

## PROCEDURAL HISTORY

Petitioner Sutton, pleaded not guilty to a one count indictment charging first degree murder and proceeded to a jury trial. Petitioner was convicted of first degree murder and sentenced to death on September 5, 1996, in Blount County Circuit Court, at Maryville, Case No. C-6670. The jury relied upon the aggravating circumstance that, "[t]he defendant was previously convicted of one (1) or more felonies, other than the present charge, the statutory elements of which involve the use of violence to the person." On direct appeal, the Tennessee Court of Criminal Appeals and the Tennessee Supreme Court affirmed Petitioner Sutton's conviction and sentence. *State v. Sutton*, No. E1997-00196-CCA-R3-DD, 2001 WL 220186 (Tenn. Crim. App.

2

Mar. 7, 2001); *State v. Sutton*, 79 S.W.3d 458 (Tenn. 2002), *cert. denied Sutton v. Tennessee*, No. 02-6354, 537 U.S. 1090 (2002).

Pursuant to Tenn. Code Ann. § 40-30-101 *et seq.*, Petitioner Sutton filed a Pro Se Petition for Post-Conviction Relief on March 3, 2003, and thereafter amended his petition with the assistance of appointed counsel on June 2, 2003 and March 31, 2004. After holding an evidentiary hearing, this Court denied relief on September 1, 2004.

Petitioner Sutton raised the following general grounds in his Post-Conviction Petitions:

1. Ineffective assistance of trial counsel.

2. *Apprendi/Ring* issues.

3. Trial court errors.

4. Prosecutorial misconduct. (*Brady* violation).

5. Tennessee's Death Penalty Statute is unconstitutional.

See Attachment A, Claims Presented to Post-Conviction Court.

The Court of Criminal Appeals affirmed the judgment of the post-conviction trial court. *Sutton v. State*, No. E2004-02305-CCA-R3-PD, 2006 WL 1472542 (Tenn. Crim. App. May 30, 2006.

The federal courts denied habeas corpus relief. *Sutton v. Bell*, 683 F. Supp. 2d 640 (E.D. Tenn. 2010); *Sutton v. Bell*, No. 3:06-cv-388, 2011 WL 1225891 (E.D. Tenn. 2011); *Sutton v. Carpenter*, 617 Fed. Appx. 434 (6th Cir. 2015), *cert. denied sub nom. Sutton v. Westbrooks*, No. 15-918, 136 S. Ct. 1494 (Mar. 28, 2016).

On June 26, 2016, the United States Supreme Court issued its opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015) holding that increasing a sentence based upon vaguely defined prior convictions violates due process.

3

On April 18, 2016, the United States Supreme Court held *Johnson* is a new rule of

substantive law that must be applied retroactively to cases on collateral review. *Welch v. United*

*States*, 136 S. Ct. 1257 (2016).

## GROUNDS FOR RELIEF UNDER TENN. CODE ANN. § 40-30-117 THAT JUSTIFY REOPENING PETITION FOR POST-CONVICTION RELIEF

1. **Mr. Sutton's death sentence rests solely upon a single unconstitutionally vague aggravating circumstance, in violation of Article I, § § 8, 9, 16 and 17 and Article XI, § 16 of the Tennessee Constitution, and Amendments 5, 6, 8, and 14 to the United States Constitution.**

   A. **The holding in *Johnson*.**

The Fifth and Fourteenth Amendments provide that "no person shall . . . be deprived of

life, liberty, or property, without due process of law." This guarantee is violated when a State

takes away someone's life, liberty, or property under a criminal law so vague that it fails to give

ordinary people notice of the conduct it punishes, or so standardless that it invites arbitrary

enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983). This principle applies not only

to statutes defining elements of crimes, but also to statutes fixing sentences. *United States v.*

*Batchelder*, 442 U.S. 114, 123 (1979).

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court examined the

residual clause of the federal Armed Career Criminal Act ("ACCA").[2] It increases punishment

for a felon in possession of a firearm if that felon had three previous convictions for a "violent

felony," a term defined by the statute's residual clause to include any felony that "involves

conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §

924(e)(2)(B)(ii). The Court held that under the Due Process Clause [of the Fifth Amendment],

this residual clause was unconstitutionally vague because it "le[ft] grave uncertainty about how

---

[2] 18 U.S.C. § 924(e)(2)(B).

to estimate the risk posed by a crime" and it "le[ft] uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Johnson*, 135 S. Ct. at 2557-58.

The *Johnson* Court noted that in applying the residual clause in ACCA cases, the trial court uses a categorical approach to determine if the prior conviction qualifies as a prior violent felony under § 924(e)(2)(B)(ii). *Johnson*, 135 S. Ct. at 2557 (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)). The first step requires courts to review the elements of the prior offense to determine "the kind of conduct that the crime involves in 'the ordinary case.'" *Id.* The court must assess the prior conviction's qualification "in terms of how the law defines the offense. . . ." *Id.* (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)). The second step requires courts to gauge whether that ordinary case of the crime "presents a serious potential risk of physical injury." *Id.* Courts must consider the crime in the abstract and imagine the extent of risk involved in that imagined ordinary case.

The *Johnson* Court attempted to apply this categorical framework to the residual clause to assess whether Mr. Johnson's prior conviction for unlawful possession of a short-barreled shotgun qualified as a felony involving conduct that presented a serious potential risk of physical injury to another. The Court concluded that attempts at such an assessment were futile due to unavoidable arbitrariness. Writing for the *Johnson* majority, Justice Scalia expounded on why interpreting the residual clause necessarily involves impossible speculation and leads to an unacceptable level of arbitrariness: "Deciding whether the residual clause covers a crime thus requires a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury." *Johnson*, 135 S. Ct. at 2557 (quoting *James v. United States*, 550 U.S. 192, 208 (2007)). Courts have no guidance as to what constitutes "the ordinary case" of a crime. This requirement of imagining

5

what is the ordinary conduct involved in a crime that presents the serious potential risk of physical injury is so indeterminate that it invites arbitrary enforcement by judges, which is prohibited by the guarantee of due process of law.

Further, the "grave uncertainty about how to estimate the risk posed by a crime" and courts' arbitrary applications of the ACCA's residual clause deny the constitutionally required fair notice to defendants that their prior crimes render them eligible for sentencing enhancement, in violation of due process of law. *Johnson*, 135 S. Ct. at 2557-58. The Court concluded that the combination of indeterminacy (arbitrariness) with indeterminacy (inadequate notice) "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Johnson*, 135 S. Ct. at 2558.

The *Johnson* Court emphasized that an unconstitutionally vague statute is not saved by the fact that some conduct clearly falls within the purview of the conduct described. *Johnson*, 135 S. Ct. at 2561. The fact that some crimes would necessarily require the type of conduct required to satisfy the residual clause, does not make it less vague when applied to other crimes. "Each of the uncertainties in the residual clause may be tolerable in isolation, but 'their sum makes a task for us which at best could be only guess-work.' *Johnson*, 135 S. Ct. at 2560 (quoting *United States v. Evans*, 333 U.S. 483, 495 (1948)). Invoking so shapeless a provision to condemn someone to prison for 15 years to life does not comport with the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2560. The statute cannot be vague in application to any defendant; if its application is vague in one instance, then its application is vague in all instances and it is rendered unconstitutional.

### B. Johnson has been applied to other settings besides ACCA.

The *Johnson* rule has been applied in areas other than the ACCA. Courts have

6

determined that "a couple of minor distinctions between the text of the residual clause" and other definitions of violent felonies do not undermine "the applicability of *Johnson*'s fundamental holding." *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015). Accordingly, the definition of "aggravated felony" for immigration cases has been declared unconstitutionally vague under *Johnson. See, e.g., Dimaya*, 803 F.3d at 1120 (applying *Johnson* to the INA's definition of a crime of violence);[3] *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) (same). The *Johnson* rule has likewise been applied to Sentencing Guidelines relying upon a "crime of violence" to enhance a sentence. *See, e.g., United States v. Hudson*, No. 14-2124, 2016 WL 2621093 (1st Cir. May 9, 2016);[4] *United States v. Martinez*, No. 15-1004, 2016 WL 1743014 (8th Cir. May 3, 2016). *See also United States v. Pawlak*, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016) (applying *Johnson* to U.S.S.G. § 2K2.1(a)(1) ("felony convictions of either a crime of violence or a controlled substance offense")).

### C. *Johnson* applies here.

The Supreme Court's vagueness analysis from *Johnson* is applicable here. Petitioner's jury was instructed that it could sentence him to death if it found, beyond a reasonable doubt, that he had been "previously convicted of one (1) or more felonies, other than the present charge, the statutory elements which involve the use of violence to the person. As to the defendant, Gary

---

[3] "The term 'crime of violence' means—(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. §16.

[4] "The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

7

Wayne Sutton, the state is relying upon … felonies involving the use of violence to the person."

Trial Technical Record, p. 245 (jury instructions). Because this instruction is too vague to sustain

a finding of a statutory aggravating circumstance, *Johnson* requires that the judgment be vacated.

The statutory language at issue in Johnson requires a prior violent felony conviction that

"'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*,

135 S. Ct. at 2555-56 (quoting 18 U.S.C. § 922(e)(2)(B)). Tennessee's aggravating circumstance

required a finding of felony convictions that have the statutory element "involv[ing] the use of

violence to the person." Tenn. Code Ann. § 39-13-204(i)(2) (1996). Thus, just as in *Johnson*, the

trial court is required to apply imprecise language. Moreover, Tennessee law permits application

of the aggravator even where violence is not a necessary element of the offense. *See State v.

Sims*, 45 S.W.3d 1, 10-12 (Tenn. 2001). This speculation places the (i)(2) aggravator in the same

vagueness trap as the ACCA's residual clause because it fails to provide notice of the conduct

that may enhance a sentence and it fails to provide a standard that avoids arbitrary application.

*Johnson*, 135 S. Ct. at 2556.

As in *Johnson*, indeterminacy of trial courts imagining various and sundry scenarios of

the ordinary felony involving use of violence—arbitrariness—coupled with the indeterminacy of

inadequate notice to defendants "produces more unpredictability and arbitrariness than the Due

Process Clause tolerates." *Johnson*, 135 S. Ct. at 2558.

In assessing constitutional vagueness, the fact that some crimes would unquestionably

fall under the (i)(2) aggravator is not sufficient to define it. Rather, the category of crimes that

involve the use or threat of violence to the person is "so vague that it fails to give ordinary

people fair notice of the conduct it punishes, and so standardless that it invites arbitrary

enforcement." *Johnson*, 135 S. Ct. at 2556.

8

The aggravating circumstance must be vacated and the sentence struck. There were no other aggravating circumstances supporting the sentence. Thus, there is no basis for Mr. Sutton's death sentence. He is innocent of the death penalty and his sentence must be vacated. *Sawyer v. Whitley*, 505 U.S. 333 (1992).

2.     **Mr. Sutton's death sentence, based in part on the unconstitutionally vague prior violent felony aggravating circumstance violates the Eighth Amendment's prohibition on cruel and unusual punishment and is arbitrary and capricious.**

Mr. Sutton's death sentence is unconstitutional because it required the jury, without guidance or limitation, to presume conduct of the offense rather than consider the elements of his prior conviction. "Claims of vagueness directed at aggravating circumstances defined in capital punishment statutes are analyzed under the Eighth Amendment and characteristically assert that the challenged provision fails adequately to inform juries what they must find to impose the death penalty and as a result leaves them and appellate courts with the kind of open-ended discretion which was held invalid in *Furman v. Georgia*[.]" *Maynard v. Cartwright*, 486 U.S. 356, 361-62 (1988).

In *Furman*, the United States Supreme Court held that Georgia's standardless death penalty statute was being applied in an arbitrary and capricious manner. *Furman v. Georgia*, 408 U.S. 238, 310-11 (1972) (Stewart, J. concurring; White, J. concurring). *Furman* and its progeny clearly establish that channeling and limiting a sentencer's discretion in imposing the death penalty "is a fundamental constitutional requirement for sufficiently minimizing the risk of wholly arbitrary and capricious action." *Maynard*, 486 U.S. at 362 (citing *Gregg v. Georgia*, 428 U.S. 153, 189, 206-07 (1976) (opinion of Stewart, Powell, and Stevens, JJ.)); *Gregg*, 428 U.S. at 220-22 (White, J., concurring in judgment); *Spaziano v. Florida*, 468 U.S. 447, 462 (1984); *Lowenfield v. Phelps*, 484 U.S. 231, 244 (1988).

9

In *Godfrey v. Georgia*, 446 U.S. 420 (1980), the Court found void-for-vagueness the aggravating circumstance of the murder having been "'outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim.'" *Godfrey*, 446 U.S. at 422 (quoting Ga. Code § 27-2534.1(b)(7) (1978). In its analysis, the Court noted that the jury instruction based on the statutory aggravator failed to give guidance to the jury as to the meaning of the aggravating circumstances terms. The Court concluded that the jury's interpretation of the aggravator could have only been "the subject of sheer speculation." *Godfrey*, 446 U.S. at 428-29. The Court further concluded that there was no way to distinguish the case at hand, in which the death penalty was imposed, from the numerous cases in which capital punishment was not imposed. *Godfrey*, 446 U.S. 433. The Court "plainly rejected the submission that a particular set of facts surrounding a murder, however shocking they might be, were enough in themselves, and without some narrowing principle to apply to those facts, to warrant the imposition of the death penalty." *Maynard*, 486 U.S. at 363.

The United States Supreme Court has consistently held that because the death penalty is uniquely different than all other punishments, the Eighth Amendment's prohibition on cruel and unusual punishment requires heightened procedural safeguards, including a fair and reliable decision-making process, and commands that death sentences be free from arbitrariness and capriciousness. *See California v. Ramos*, 463 U.S. 992, 998-99 (1983); *Gardner v. Florida*, 430 U.S. 349, 357-58 (1997); *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976); *Maynard v. Cartwright*, 486 U.S. 356 (1988).

### 3. This Motion to Reopen is properly filed.

"A motion to reopen, by definition, is based on a new legal issue … that serves as a new basis to 'reopen' the earlier post-conviction proceeding." *Van Tran v. State*, 66 S.W.3d 790, 799

10

(Tenn. 2001). Sutton's post-conviction proceeding should be reopened because the Supreme Court recently announced that *Johnson* is a new substantive rule of Constitutional law applicable to cases on collateral review. In other words, *Johnson* is a "final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial" and "retrospective application of that right is required." Tenn. Code Ann. § 40-30-117(a)(1) (2016).

"It is undisputed that *Johnson* announced a new rule." *Welch*, 136 S. Ct. at 1264. A case announces a new rule if the result was not "'dictated by precedent existing at the time the defendant's conviction became final.'" *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). In particular, the explicit overruling of an earlier holding creates a new rule. *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). The rule announced in *Johnson* is new because it expressly overruled earlier holdings which had found that the language of the residual clause was not void for vagueness. *Johnson*, 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled."). *See also In re Watkins*, 810 F.3d 375, 383 (6th Cir. 2015).

There is also no question that *Johnson* announced a rule of constitutional law. *Johnson* expressly holds that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. *See also In re Watkins*, 810 F.3d at 380. It declares that the language of the federal sentencing statute is unconstitutionally vague and that the Due Process Clause forbids any use of it in increasing a statutory minimum or maximum sentence. *Johnson*, 135 S. Ct. at 2563. *Johnson*, therefore, "alters the range of conduct or the class of persons that the law punishes." *Welch*, 136 S. Ct. at 1264-65. As such, it "places primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or requires the observance of fairness safeguards that

11

are implicit in the concept of ordered liberty." Tenn. Code Ann. § 40-30-122.

Furthermore, *Johnson* applies to cases on collateral review, including Sutton's case. In *Welch*, the Supreme Court held that the rule in *Johnson* is substantive and therefore has retroactive effect to cases on collateral review. *Welch*, 136 S. Ct. at 1264-65. Retrospective application of *Johnson* is required under Tenn. Code Ann. § 40-30-117(a)(1).

The *Johnson* claim also was previously unavailable to Sutton. The Sixth Circuit has explained that a *Johnson* claim was previously unavailable because "until June 2015, the *Johnson* rule was proscribed, rather than dictated, by existing Supreme Court precedent." *In re Watkins*, 810 F.3d at 380. Accordingly, *Johnson* is not a right that was recognized as existing at the time of Sutton's trial. Tenn. Code Ann. § 40-30-117(a)(1). Sutton now presents this claim at the first available opportunity.

The same reasoning applies to Mr. Sutton's Eighth Amendment claim. *Johnson*, *supra*. New case law demonstrates the aggravating circumstance supporting his death sentence is vague. *Johnson*, *supra*. Petitioner Sutton presents this claim at the first available opportunity.

## STATEMENT REGARDING COUNSEL

As an indigent prisoner, Mr. Sutton currently is represented in his federal court proceedings by Susanne Bales, Assistant Federal Community Defender, 800 S. Gay Street, Suite 2400, Knoxville Tennessee, 37929, BPR Number 017868.

As an indigent prisoner, Petitioner was represented in post-conviction by appointed counsel Susan Shipley, 615 Shamrock Avenue, Knoxville, Tennessee 37917, BPR Number 015021, and Gerald Gulley, 706 Walnut Street, Suite 302, Knoxville, Tennessee 37902, BPR Number 013814.

Tennessee's Post-Conviction Defender Office is unable to represent Mr. Sutton in this

12

matter due to a conflict of interest. Attachment B (Affidavit). Because Mr. Sutton is unlearned in the law, Attorney James A. Simmons, P.O. Box 2934, Hendersonville, Tennessee, 37077, (615) 477-9987, BPR 10107, assisted in drafting this Motion to Reopen Post-Conviction Petition. Mr. Simmons is willing and able to represent Mr. Sutton in this matter, should this Honorable Court appoint him.

Jessica Johnson, Investigator, with Federal Defender Services of Eastern Tennessee, is filing this petition for Mr. Sutton.

## STATEMENT REGARDING OTHER CONVICTIONS

Petitioner is serving a life sentence for Sevier County convictions, imposed February 24, 1993. Docket No. 5033.

## CONCLUSION

WHEREFORE, Mr. Sutton respectfully requests the Court to:

(1)     Find that Mr. Sutton is indigent;

(2)     Appoint counsel to represent him in this matter;

(3)     Reopen his post-conviction proceeding to consider his new claims of constitutional error;

(4)     enter a colorable claim order in accordance with Tenn. S. Ct. R. 28, Sec. 6(B)(3); and,

(5)     vacate his sentence of death.

_____                    6/14/16
Gary Sutton, Petitioner                     Date

13

## PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY OF PERJURY

I swear or affirm under penalty of perjury that the foregoing motion is true and correct to the best of my knowledge.

Executed on: June 14, 2016 (Date)

_____
Signature of Petitioner

Sworn and subscribed before me on this the 14th day of June, 2016

_____
Notary Public

My Commission expires: 07/01/18

## AFFIDAVIT OF INDIGENCY

I, Gary Wayne Sutton, do solemnly swear or affirm that because of my poverty, I am not able to bear the expense of the action which I am about to commence. I further swear that, to the best of my knowledge, I am justly entitled to the relief sought.

_____
Signature of Petitioner

Sworn to and subscribed before me this the 14th day of June, 2016

_____
Notary Public

My commission expires: 07/01/18

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served upon all parties or counsel of record in this case, by delivering said copy via United States mail with prepaid, first-class postage thereon sufficient to cause delivery to the following:

> Mike Flynn, District Attorney General
> Blount County Attorney General's Office
> Blount County Justice Center
> 942 E. Lamar Alexander Parkway
> Maryville, TN 37804

This the 14 day June , 2016.

By: _Dary Sutton_

15

*Gary W. Sutton v. State of Tennessee*, Circuit Court for Blount
County, Tennessee,
Fifth Judicial District, Post-Conviction No. C-14433

# Attachment A to Motion to Reopen

not others would constitute a violation of my right to equal treatment under the law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article XI, § 8 of the Tennessee Constitution

15. If you have previously filed a petition, application, or motion with respect to the judgment(s) in any court, explain why your claim in this case has not been waived for failure to raise it in that prior proceeding. If the claim was raised, explain why your claim is not previously determined.

N/A

16. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information or by attaching separate pages.

## GROUNDS OF PETITION

Listed below are possible grounds for relief. Consider the ground(s) that apply in your case, and follow the instruction under the ground(s):

\_\_(1) Conviction was based on unlawfully induced guilty plea or guilty plea involuntarily entered without understanding of the nature and consequences of the plea.

\_\_(2) Conviction was based on use of coerced confession.

\_\_(3) Conviction was based on use of evidence gained pursuant to an unconstitutional search and seizure.

\_\_(4) Conviction was based on use of evidence obtained pursuant to an unlawful arrest.

\_\_(5) Conviction was based on a violation of the privilege against self incrimination.

\_\_(6) Conviction was based on the unconstitutional failure of the prosecution to disclose to defendant evidence favorable to defendant, specifically statements made by Petitioner and other witnesses in the case.

\_\_(7) Conviction was based on a violation of the protection against double jeopardy.

\_\_(8) Conviction was based on action of a grand or petit jury that was unconstitutionally selected and impaneled.

x (9) Denial of effective assistance of counsel.

7

Grounds Raised in Pro Se Petition for Relief Filed March 3, 2003

Counsel failed to object to the judge's instruction at sentencing that directed the jury not to consider residual doubt as a mitigating circumstance. (See Transcript, Vol. XXXXII, p. 455: "lingering doubt about the guilt of the Defendant is not a circumstance to be considered in mitigation;"and Vol. V, p. 248.) Counsel failed to raise this issue on direct appeal.

Trial counsel failed to procure, prepare, and present appropriate and adequate expert testimony to challenge the state's case.

__(10) Newly discovered evidence.

__(11) Illegal evidence.

__(12) Other grounds.

**THE LIST ABOVE DOES NOT INCLUDE ALL CONSTITUTIONAL VIOLATIONS. YOU MAY ADD ANY OTHERS YOU DEEM APPROPRIATE. ATTACH A SEPARATE SHEET OF PAPER LISTING EACH CONSTITUTIONAL VIOLATION THAT YOU CLAIM, WHETHER OR NOT IT IS LISTED ABOVE. UNDER EACH CLAIMED VIOLATION, LIST EACH AND EVERY FACT YOU FEEL SUPPORTS THIS GROUND. EXPLAIN IN DETAIL HOW YOU ARE PREJUDICED BY THE VIOLATION AND WHY YOU ARE ENTITLED TO RELIEF. BE SPECIFIC.**

**IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS: TENN. CODE ANN. § 40-30-202(c) LIMITS YOU TO ONLY ONE PETITION. TENN. CODE ANN. § 40-30-202(c) PROVIDES:**

> *This chapter contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed.*

17.    Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

     Yes __        No _x_

18.    Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

     (a)    At preliminary hearing: _Unknown_____

8

Grounds Raised in Pro Se Petition for Relief Filed March 3, 2003

intellectual limitations and an elementary school education, and was impaired in his ability to understand issues; that during their brief tenure as his counsel, the petitioner's attorneys have discovered facts pertaining to some of the claims that have never been considered by prior courts, and for which no full and fair hearing has been held; Tennessee courts have not uniformly applied the waiver provisions of the Post Conviction Procedure Act, and to find the claims waived in petitioner's case, and not others, would constitute a violation of his right to equal treatment under the laws guaranteed by the 14th Amendment to the United States Constitution and Article XI, Section 8 of the Tennessee Constitution. Further, that the claims raised have not been previously determined because there is new law on some of them that did not exist at the time of trial and/or direct appeal.

## GROUNDS FOR PETITION

The State obtained Mr. Sutton's conviction and sentence in violation of his rights guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 7, 8, 9,10, 16 and 19 of the Tennessee Constitution. The bases for the claim that Mr. Sutton is being restrained in violation of this federal and state constitutional rights under these amendments and sections, include, but are not limited, to the following grounds:

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Sutton respectfully submits to the Court that his counsel was ineffective in their representation of him at trial and that such representation deprived him of his rights under the Sixth, Eighth and Fourteenth Amendments to the United States

5

Grounds Raised in Petition for Post Conviction Relief Filed June 2, 2003

Constitution and Article I, Sections 4, 8, 9 and 16 of the Constitution of the State of Tennessee. The bases of the claim that he is being restrained in violation of his federal and state constitutional rights under these amendments and sections include, but are not limited, to the following grounds:

1. Counsel failed to thoroughly investigate petitioner Sutton's background and personal and medical history for the existence of mitigating evidence and/or to present such evidence during the penalty phase of the trial. The failure to investigate for witnesses and/or prepare and present them during the penalty phase of the trial neglected to demonstrate all aspects of Mr. Sutton's background that would support a sentence of less than death.

2. Counsel failed to request and obtain the assistance of a mitigation investigation expert to develop and present a proper and coherent defense during the penalty phase.

3. Counsel failed to locate and interview witnesses concerning the issues of the co-defendant's domination and influence over the petitioner.

4. Counsel failed to develop a reasonable trial strategy or defense, and failed to properly rebut the State's case at either the guilt/innocence phase or the sentencing phase of the trial.

5. Counsel failed to develop arguments and strategies to support a severance of the petitioner's trial from his co-defendant, and failed to effectively seek a severance. Counsel also failed to appeal the denial of a severance of the petitioner's trial from that of the co-defendant.

6

Grounds Raised in Petition for Post Conviction Relief Filed June 2, 2003

6. Lead counsel failed to choose as his co-counsel an attorney with adequate experience in the practice of law, and, in fact, chose a co-counsel with no experience, whatsoever, in criminal defense practice. That lead counsel had a conflict of interest in choosing his co-counsel, in that he procured an attorney who shared office space with him.

a) That co-counsel agreed to accept the appointment of the petitioner's capital case despite being inexperienced and untrained in criminal defense litigation in general, and in death penalty litigation, in particular.

b) That lead counsel also lacked the requisite training and experience to handle a capital murder case.

7. Counsel failed to thoroughly investigate and present all available evidence that would support Mr. Sutton's claims of innocence.

a) Counsel failed to seek deposition testimony of unavailable witnesses, including but not limited to Joyce Tipton, Bill Cogdill and Janice Reed; and did not seek to admit their prior sworn testimony.

8. Counsel failed to prepare adequately for either the guilt/innocence or the penalty phase and to develop and present the jury with a coherent theory of defense at either phase.

9. Counsel failed to seek appropriate support services for experts and investigators:

a) Counsel failed to seek adequate funding for an investigation of the guilt/innocence phase, and consented to share a meagerly funded investigator with the

7

co-defendant, creating a conflict of interest.

b) Counsel failed to seek the services of a board-certified forensic pathologist to consult, analyze and present issues concerning the decedent's time of death.

c) Counsel failed to obtain the services of a qualified ballistics expert to analyze and present issues concerning the ballistics evidence in this cause.

d) Counsel failed to seek an interlocutory appeal of the trial court's denial of a jury selection expert.

10. Counsel failed to file necessary motions before, during and after trial for appropriate support services, and to appeal the denial of requested services.

11. Counsel failed to consult with Mr. Sutton at crucial stages during all prior proceedings.

12. Counsel failed to object to the trial court's instruction at sentencing that directed the jury not to consider residual doubt as a mitigating circumstance. (See Transcript, Vol. XXXXII, p. 455; Vol. V, p. 248). Counsel also failed to raise this issue on direct appeal.

13. Counsel failed to have hearings on motions transcribed, including the hearing concerning the admissibility of evidence under Tennessee Rule of Evidence 404(b). Counsel further failed to object to the trial court's procedural noncompliance with TRE 404(b). Counsel also failed to appeal the trial court's noncompliance with TRE 404(b).

14. Counsel failed to object to the admission of hearsay statements allegedly

8

made by the decedent Tommy Mayford Griffin and by Connie Griffin Branum.

15. Counsel failed to object to the admission of hearsay "Missing Persons" reports allegedly filed by the decedents' mother, Viola Griffin.

16. Counsel failed to thoroughly investigate or collaterally challenge the petitioner's prior conviction in Georgia for aggravated assault, which was imposed when the petitioner was a juvenile, and which was later used to support an aggravating circumstance in this cause.

17. Counsel failed to thoroughly investigate issues concerning the petitioner's intellectual impairments and organic brain damage; counsel did not effectively utilize indicia of these impairments in a coherent, rational trial and/or mitigation strategy.

18. Counsel failed to obtain a transcript of the hearing on the motion for a change of venue, which was denied.

19. Counsel failed to object to the prosecutor's statements during closing arguments.

20. Counsel failed to object to the identification of Connie Branum's corpse by Dr. Bass.

II. APPRENDI/RING ISSUES

1. The indictment charging the petitioner was defective and void because it did not include a reference to a prior felony conviction as an element, thereby violating the United States Constitution as construed in Ring v. Arizona.

2. The indictment charging the petitioner was defective and void because the "prior conviction exception" to Apprendi v. New Jersey requirement that an

9

Case 3:17-cv-00226-TAV-CCS    Document 1-2    Filed 05/25/17    Page 23 of 31
PageID #: 48

indictment charge, and a jury find by proof beyond a reasonable doubt, every element of a crime, has been overruled by the United States Supreme Court.

3. The indictment charging the petitioner Sutton was defective and void, and the Tennessee Supreme Court erroneously applied the "prior conviction exception" by using post-crime conduct that was not charged in the indictment to enhance Sutton's punishment to the death penalty, thereby violating the United States Constitution as construed in Ring v.Arizona.

### III. TRIAL COURT ERRORS

Either before trial, during the guilt/innocence phase, or the sentencing phase of the petitioner's trial, the Court committed errors that violated his rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article l, Sections 7, 8, 9,10,16 and 19 of the Tennessee Constitution. These unconstitutional errors include, but are not limited to the following:

1. The Court denied the petitioner's requests for adequate funds to obtain expert and investigative services.

2. The Court failed to appoint sufficiently experienced and qualified counsel to provide petitioner with effective assistance at both the trial and penalty phase.

3. The Court failed to grant the petitioner a severance of his trial from that of the co-defendant, to the ultimate prejudice and detriment to the petitioner.

4. The Court erred in refusing to provide a "lingering doubt" instruction as a mitigating factor.

5. The Court denied the petitioner an opportunity to rebut the State's case at

10

Case 3:17-cv-00226-TAV-CCS   Document 1-2   Filed 05/25/17   Page 24 of 31
PageID #: 49

either the trial and/or penalty phases. Specifically, the Court denied the petitioner an opportunity to depose, or otherwise obtain, the testimony of Joyce Tipton.

6. The Court erred in failing to remove juror Michael Everett, who expressed a predetermination of petitioner's guilt.

7. The Court erred in failing to comply with the procedural requirements of Tennessee Rule of Evidence 404(b); further, the Court erred in allowing the admission of evidence of other crimes, wrongs or acts.

8. The Court refused to respond to the jury's question as to whether a life sentence in the Blount County would be consecutive to the previously imposed life sentence from Sevier County.

9. The Court erred in allowing the use of post-crime conduct that was not charged as an element in the indictment to enhance the petitioner's punishment to death, thereby violating the United States Constitution as construed in <u>Apprendi v. New Jersey</u> and <u>Ring v. Arizona</u>.


## IV. CONSTITUTIONALITY OF TENNESSEE DEATH PENALTY STATUTE

The Tennessee Death Penalty statute, including Tennessee Code Annotated Sections 39-13-204 and 39-13-206, which allows the imposition of the death sentence upon conviction of first degree murder, violates the petitioner's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. These violations include, but are not limited to:

11

1. The statute provides insufficient guidance to the jury concerning who has the burden of proving whether mitigation outweighs aggravation and what standard of proof the jury should use in making the determination.

2. Tennessee Code Annotated 39-13-204 does not sufficiently narrow the population of defendants, convicted of first degree murder, who are eligible for a sentence of death.

3. Tennessee's Death Penalty Statute results in sentences that have been imposed capriciously and arbitrarily, due to the unlimited discretion that is vested in the prosecutor as to whether or not to seek the ultimate penalty.

4. Tennessee Death Penalty statutes have resulted in sentences that have been imposed capriciously and arbitrarily due to the discriminatory application of the death penalty because of the economic status of the defendant; the race of the defendant and/or the victim; geographic region in the state; and political status of the defendant.

5. Tennessee's Death Penalty statutes result in sentences that have been imposed capriciously and arbitrarily, as in this case, due to the death qualification process, which skews the makeup of the jury and results in a prosecution-prone, guilt-prone jury.

6. Tennessee Code Annotated Section 39-13-204 does not sufficiently limit the exercise of the jury's discretion by mandatorily requiring the jury to impose a sentence of death if it finds the aggravating circumstances to outweigh the mitigating circumstances.

7. Tennessee Code Annotated Section 39-13-204 allows the jury to accord too

12

little weight to non-statutory mitigating factors and limits the jury's options to impose the sentence of life imprisonment.

8. Tennessee Code Annotated Section 39-13-204 does not inform the jury of its ability to impose a life sentence out of mercy.

9. Tennessee Code Annotated Section 39-13-204 allows the state to make final closing arguments during the penalty phase.

10. The proportionality and arbitrariness review conducted by the Tennessee Supreme Court pursuant to Tennessee Code Annotated 39-13-206 is inadequate and deficient, and thereby is a violation of due process, for the following reasons, including but not limited to:

a) The information relied upon by the Court for comparative review is inadequate and incomplete. There is no uniform, comprehensive and statistically meaningful and reliable state-wide procedure for collecting and evaluating data concerning the disposition of homicide cases, notwithstanding the Court Rule 12 Report. The cases of many homicide defendants convicted of an offense less than first degree murder involve circumstances relevant to a proportionality inquiry, but are not reported under the Rule 12 process. The quality of the information included in the Rule 12 forms tends to be scientifically inaccurate and imprecise, and the submission of any report in compliance with the requirements of the rule has been inconsistent.

WHEREFORE, Petitioner prays:

1. That the respondent be directed to answer this petition;

2. That the petitioner's counsel be given ample and adequate time to

13

IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE
FIFTH JUDICIAL DISTRICT

GARY W. SUTTON,
        Petitioner,

v.

STATE OF TENNESSEE
        Respondent.

FILED

MAR 3 1 2004

TOM HATCHER
CIRCUIT COURT CLERK

No. C-14433
(Death Penalty Post Conviction)

## AMENDMENT TO PETITION FOR POST-CONVICTION RELIEF

Comes your petitioner, Gary W. Sutton, and pursuant to Tennessee Code Annotated Section 40-30-103, would move to amend his previously filed Petition for Post Conviction Relief to allege the following additional grounds:

### V. FAILURE TO DISCLOSE BRADY MATERIAL

1. That the District Attorney General failed to provide to defendant's trial counsel information concerning another suspect who was identified by North Carolina and Tennessee authorities during the investigation of this crime. That this information was material and helpful to the defense, and the failure to disclose it to trial counsel constituted an abridgement of the defendant's rights under the Sixth Amendment, as well as the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. Brady v. Maryland, 373 U.S. 83 (1963).

WHEREFORE, petitioner would seek leave to amend his Petition for Post Conviction Relief to allege the aforementioned grounds.

Ground Raised in Amendment to Petition for Post Conviction Relief filed March 31, 2004

55

*Gary W. Sutton v. State of Tennessee*, Circuit Court for Blount County, Tennessee,
Fifth Judicial District, Post-Conviction No. C-14433

# Attachment B to Motion to Reopen

STATE OF TENNESSEE )
                               )
COUNTY OF DAVIDSON )

### Affidavit of Justyna Garbaczewska Scalpone

I, Justyna Garbaczewska Scalpone, state as follows:

1. I am the Tennessee Post-Conviction Defender. I was appointed to the position of Post-Conviction Defender in March 2013 and have directed the work of the Office of the Post-Conviction Defender since then.

2. Office of the Post-Conviction Defender is the presumptive counsel for death row inmates in state collateral proceedings, unless a conflict of interest exists. Tenn. Code Ann. §40-30-206 (a), 207 (2016).

3. Due to a conflict of interest, Office of the Post-Conviction Defender cannot represent Mr. Gary Sutton in any collateral proceedings. Specifically, the Office of Post-Conviction Defender has in the past represented Mr. Sutton's co-defendant, Mr. James Dellinger. Under the Tennessee Rules of Professional Conduct, the Office of the Post-Conviction Defender owes Mr. Dellinger a continued duty of loyalty and thus cannot represent a client with interests adverse to Mr. Dellinger. TN R S CT Rule 8, RPC 1.9 (2016).

**FURTHER THE AFFIANT SAITH NOT.**

Justyna G Scalpone, BPR # 30992
Post-Conviction Defender
Office of the Post-Conviction Defender
404 James Robertson Pkwy
Suite 1100
Nashville, Tennessee 37219
(615) 741-9331
(615) 741-9430 (fax)

1

Signed and sworn before me this 3rd day of June, 2016.

Notary Public

My commission expires: 03-17-2017

2