
FILED
01/23/2017
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**GARY W. SUTTON v. STATE OF TENNESSEE**

**Circuit Court for Blount County**
**No. C-14433**

_____

**No. E2016-02112-CCA-R28-PD**
_____

**ORDER**

The Appellant has filed an application for permission to appeal the trial court's denial of his motion to reopen his petition for post-conviction relief. The State opposes. Tennessee Code Annotated Section 40-30-117 provides that a motion to reopen a prior post-conviction petition may be filed in the trial court if certain limited circumstances warrant relief. "If the motion is denied, the petitioner shall have thirty (30) days to file an application in the court of criminal appeals seeking permission to appeal." Tenn. Code. Ann. § 40-30-217(c). The application must contain copies of all documents filed by both parties in the trial court, as well as the order denying the motion. *Id*. The instant application is timely, and based upon the information included, this Court is able to consider the merits thereof.

The Post-Conviction Procedure Act imposes limits on the nature, number, and timing of petitions for post-conviction relief. *See* Tenn. Code Ann. §§ 40-30-102, -103. Although the Act also provides a means for reopening previously filed petitions, the types of claims which may be raised in a motion to reopen are limited. *See* Tenn. Code. Ann. § 40-30-117. Relief will only be granted in a motion to reopen if the claim presented is based upon a final ruling of an appellate court establishing a constitutional right not previously recognized at the time of trial, if retrospective application is required, if the claim is based upon new scientific evidence establishing that the appellant is actually innocent of the crime, or if the claim presented seeks relief from a sentence that was enhanced because of a previous conviction which has subsequently been invalidated. § 40-30-117(a). Furthermore, the facts underlying the claim, if true, must establish by clear and convincing evidence that the Appellant is entitled to have his conviction set aside or his sentence reduced. *Id*. This Court will grant the application for permission to

Attachment 3

appeal only if we conclude that the trial court abused its discretion in denying the motion to reopen. § 40-30-117(c).

The Appellant and his co-defendant, James Henderson Dellinger, were convicted of premeditated first degree murder and sentenced to death. *State v. Dellinger*, 79 S.W.3d 458 (Tenn. 2002). The Appellant was sentenced to death based upon the prior violent felony aggravating circumstance: "The defendant was previously convicted of one (1) or more felonies, other than the present charge, whose statutory elements involve the use of violence to the person." Tenn. Code Ann. § 39-13-204(i)(2). Following affirmance of his conviction and sentence on direct appeal, the Appellant was unsuccessful in his subsequent pursuit of post-conviction relief. *Gary Wayne Sutton v. State*, No. E2004-02305-CCA-R3-PD, 2006 WL 1472542 (Tenn. Crim. App., May 30, 2006), *perm to app. denied*, (Tenn., Oct. 2, 2006).

In the instant matter, the Appellant argues that his post-conviction petition should be reopened in light of the United States Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015). In that case, the court held that the definition of a violent felony contained in the residual clause of the federal Armed Career Criminal Act of 1984 (ACCA) is unconstitutionally vague. *Id*. at 2557. The ACCA increases the punishment of a defendant convicted of being a felon in possession of a firearm if he or she has three or more previous convictions for a violent felony. 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B). The *otherwise involves conduct that presents a serious potential risk of physical injury to another* language is known as the ACCA's "residual clause." 135 S.Ct. at 2556. The court observed that, "unlike the part of the definition of a violent felony that asks whether the crime 'has *as an element* the use … of physical force,' the residual clause asks whether the crime '*involves conduct*' that presents too much risk of physical injury." *Id*. at 2557. (emphasis in original). The court concluded that the residual clause is unconstitutionally vague because it "leaves grave uncertainty about how to estimate the risk posed by a crime" and it "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id*. at 2557-58. In other words, "[d]eciding whether the residual clause covers a crime thus requires a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury." *Id*. at 2557. That "task goes beyond deciding whether creation of risk is an *element* of the crime." *Id*. (emphasis added). As such, the majority declined the dissent's suggestion that looking at the particular facts underlying the prior violent felony could save the residual clause from vagueness. *Id*. at 2561-62. Importantly, however, the

court's invalidation of the residual clause did not call into question the remainder of the ACCA's definition of a violent felony, i.e., the elements clause. *Id*. at 2563.

According to the Appellant's argument herein, the language of the prior violent felony aggravating circumstance is akin to the language of the ACCA the Supreme Court found to be unconstitutionally vague in *Johnson*. The Appellant focuses his argument on the word "involve," contained in both statutes, and suggests that the trier of fact in this state "is required to apply imprecise language and determine whether the prior conviction 'involved' conduct of a certain type." He cites *State v. Sims* to bolster his argument. 45 S.W.3d 1 (Tenn. 2001). In that case, the Tennessee Supreme Court held that a trial court "must necessarily examine the facts underlying the prior felony if the statutory elements of that felony may be satisfied either with or without proof of violence." *Id*. at 12.

The trial court disagreed with the Appellant's argument. The court observed that the language of the aggravating circumstance at issue herein "focuses the court's inquiry on the elements of the predicate conviction rather than a judicially imagined hypothetical scenario as in the residual clause of the federal act."

Upon review, we determine that the trial court did not abuse its discretion in denying the Appellant's motion to reopen. While the Appellant correctly states that *Johnson* established a new rule of constitutional law which must be applied retroactively, see *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court's holding in *Johnson* does not apply herein. *Johnson* invalidated as vague that part of the federal statutory definition of "violent felony" requiring a court to examine whether an offense could potentially involve *conduct* which poses a risk of physical injury. It left intact the language defining a "violent felony" as one having the use of physical force as a statutory *element* of the offense. As the Supreme Court later stated: "For purposes of the residual clause, then, courts were to determine whether a crime involved a 'serious potential risk of physical injury' by considering not the defendant's actual conduct but an 'idealized ordinary case of the crime.'" *Welch v. United States*, 136 S. Ct. at 1262 (citing *Johnson*, 135 S.Ct. at 2561). "The residual clause failed not because it adopted a 'serious potential risk' standard but because applying that standard under the categorical approach required courts to assess the hypothetical risk posed by an abstract generic version of the offense." *Id*.

The plain language of the (i)(2) aggravating circumstance resembles that of the ACCA held to be valid. In order to qualify as an aggravating circumstance in Tennessee, a conviction for a prior felony must be for one whose statutory elements involve the use of violence. § 39-13-204(i)(2). Whether the *statutory elements* of an offense include the use of violence to the person is a question of law for the trial court. *Sims*, 45 S.W.3d at 11. However, whether the State has proven the defendant has a prior conviction for that

3

offense pursuant to the (i)(2) aggravating circumstance remains a matter for the trier of fact. *See State v. Ivy*, 188 S.W.3d 132, 151 (Tenn. 2006) (citing *State v. Cole*, 155 S.W.3d 885, 904 (Tenn. 2005)). The finding of the trier of fact is subject to a sufficiency of the evidence analysis. In its analysis in *Johnson*, the Supreme Court explained that "a court assesses whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" 135 S.Ct. at 2557 (internal citation omitted). Because the ACCA refers to a person who has previous "convictions," instead of a person who "committed" previous offenses, the Supreme Court opined that "'Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions.'" Id. at 2562 (internal citation omitted). The Appellant's argument in the case at hand is, therefore, misplaced.

For these reasons, the trial court did not abuse its discretion in denying the motion to reopen. The Appellant's application for permission to appeal is, therefore, denied. Because it appears the Appellant is indigent, costs are taxed to the State.

PER CURIAM

(Witt, J., Woodall, P.J., Montgomery, J.)