UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| GARY WAYNE SUTTON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No.: 3:17-CV-226-TAV-CCS |
| | ) | Related Case No.: 3:06-CV-388 |
| BRUCE WESTBROOKS, Warden, | ) | *DEATH PENALTY* |
| Respondent. | ) | |

## ORDER

Gary Wayne Sutton ("Petitioner") brings this counseled "Second Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus" [Doc. 1], challenging his 1996 Blount County, Tennessee death sentence for his first-degree murder conviction. Petitioner asserts that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), "increasing a sentence based upon vaguely defined prior convictions violates due process" and that the aggravating circumstance supporting his death sentence is vague and, thus, cannot support that sentence [Doc. 1 pp. 5, 7].

Petitioner filed a prior § 2254 petition, which this Court denied on the merits and the Sixth Circuit affirmed on appeal. *Sutton v. Bell*, No. 3:06-CV-388, 2011 WL 1225891 (E.D. Tenn. Mar. 30, 2011), *aff'd sub nom. Sutton v. Carpenter*, 617 F. App'x 434 (6th Cir. 2015). The Supreme Court denied Petitioner certiorari review. *Sutton v. Westbrooks*, 136 S. Ct. 1494, 194 L. Ed. 2d 586 (2016).

Before a second or successive § 2254 petition is filed in a district court, a petitioner must move in the Sixth Circuit for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); *also see Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1066 (6th Cir. 1997). When a petitioner files a second or successive petition for habeas corpus relief in the

district court without § 2244(b)(3) authorization from the Sixth Circuit, the court must transfer the documents pursuant to 28 U.S.C. § 1631.  *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This Court has not received an order from the Sixth Circuit authorizing it to consider the pending petition.

Accordingly, the Clerk is **DIRECTED** to **TRANSFER** this action to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631.  *Id.*

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE