No. 17-5640

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Mar 21, 2018
DEBORAH S. HUNT, Clerk
```

In re: GARY WAYNE SUTTON,

  Movant.

O R D E R

Before: BOGGS, GIBBONS, and COOK, Circuit Judges.

  Gary Wayne Sutton asks this court to remand his case to the district court, claiming that the district court should not have transferred his second habeas petition here for permission to be filed. We **DENY** the motion.

  A Tennessee jury convicted Sutton of premeditated first-degree murder and sentenced him to death. After unsuccessfully pursuing relief via direct-appeal and state post-conviction proceedings, he filed a federal habeas corpus petition in 2007. The district court dismissed it in 2011, and we affirmed. *Sutton v. Carpenter*, 617 F. App'x 434, 435 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 1494 (2016).

  On June 14, 2016, Sutton moved in state court to reopen his post-conviction petition so that he might challenge his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Two days later, he asked this court, pursuant to 28 U.S.C. § 2244(b), for permission to file a second or successive habeas corpus petition under 28 U.S.C. § 2254 so that he might raise the same claim in federal court. *See* 28 U.S.C. § 2244(b)(3). Finding *Johnson*'s holding inapplicable to Sutton's case, we denied the application. *In re Sutton*, No. 16-5852 (6th Cir. Oct. 5, 2016) (order). Meanwhile, the state trial court denied reopening, and the state appellate courts denied him permission to appeal.

When the state proceedings ended, Sutton filed in the district court the § 2254 petition at issue here, again trying to raise the *Johnson* claim. The district court transferred the petition to us for permission to be filed. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

Sutton denies needing permission, explicitly denies that he is even seeking such permission, and writes that he "does not assert any argument that he meets the factors that might allow a successor petition under § 2244(b)." He asks instead for remand to the district court, arguing that his proposed petition is not "second or successive" in the § 2244(b) sense and thus needs no permission to be filed. Sutton believes that a § 2254 petition is successive only when it abuses the writ, and he offers two reasons why his petition does not. First, "the legal basis for his claim"—*Johnson*—did not exist until after he filed his first petition and so was unavailable. Second, "an essential factual element of his claim"—the state-court judgment it attacks—did not exist until after his first petition was filed, rendering that element unavailable and the claim unexhausted.

Indeed, not all second-in-time § 2254 petitions are "second or successive." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). To determine whether a second-in-time petition is "second or successive," we look at the proposed § 2254 petition "as a whole," *see Magwood v. Patterson*, 561 U.S. 320, 335 n.10 (2010), and ask whether it challenges the same state-court judgment of conviction and sentence that the petitioner challenged in a previous § 2254 petition. *See id.* at 331-33, 338 n.12; *see also King v. Morgan*, 807 F.3d 154, 157-58 (6th Cir. 2015). If the answer is "No," the analysis is at an end. The proposed petition is not successive. *See Magwood*, 561 U.S. at 323-24, 331, 338-39, 341-42.

But if the answer is "Yes," as is the case here, we focus on the proposed claims themselves and apply to them abuse-of-the-writ principles, as modified by § 2244(b), to determine if the claims' presence in the petition renders it successive. *See id.* at 335 n.11; *Askew v. Bradshaw*, 636 F. App'x 342, 346-47 (6th Cir. 2016). "Under the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim that could have been raised in the

first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

The first reason Sutton submits for finding his petition not abusive is that it relies on a new rule of constitutional law that did not exist when he filed his first petition. But that cannot be what removes his petition from § 2244(b)'s control because "[t]hat is precisely the scenario that § 2244(b)(2)(A) addresses, where a petitioner brings a claim relying on a new rule of constitutional law. Under [Sutton's] proposed approach, the second-or-successive exception 'would considerably undermine—if not render superfluous—' the second-or-successive rule." *In re Coley*, 871 F.3d 455, 457-58 (6th Cir. 2017) (quoting *Magwood*, 561 U.S. at 335).

His second contention—that the state-court judgment rejecting his *Johnson* argument represents a new factual element essential to his claim—is equally unavailing. According to Sutton, without that new "fact" he could not argue, pursuant to 28 U.S.C. § 2254(d), that the state-court judgment unreasonably applied *Johnson*. But with that new "fact," according to his logic, his petition is removed from § 2244(b)'s control. That cannot be. The successive-petition statute provides only two exceptions to its ban on successive petitions: one, already mentioned, for new rules of constitutional law (§ 2244(b)(2)(A)); the other, for new facts (§ 2244(b)(2)(B)). Sutton's proposed approach would "considerably undermine" Subsection (b)(2)(B)'s limitation of the new-facts exception to those facts clearly and convincingly establishing the petitioner's innocence. *Cf. Magwood*, 561 U.S. at 335; *In re Coley*, 871 F.3d at 457-58. Sutton's new "fact" has nothing to do with innocence. "We decline to adopt a reading that would thus truncate § 2244(b)(2)'s requirements." *Magwood*, 561 U.S. at 336.

Closely related to Sutton's new-fact argument is his contention that his claim was not exhausted until the state courts rejected his *Johnson* claim. He concedes that "not every claim exhausted after a defendant has brought a prior petition for writ of habeas corpus falls outside of § 2244(b)." But, he continues, "newly exhausted claims based on retroactive changes of [constitutional] law are not within § 2244's purview." Yet reliance on a new rule of constitutional law does not save Sutton's petition from the not-successive realm. We see no

reason why that result should change simply because Sutton also had to exhaust the claim in state court.

Accordingly, we **DENY** Sutton's motion to remand. We also take this opportunity to reiterate briefly what we explained in our October 5, 2016, order denying Sutton's application for permission to file a second or successive habeas petition. *See In re Sutton*, No. 16-5852. *Johnson* held the Armed Career Criminal Act's residual clause—not its elements clause—to be unconstitutional. 135 S. Ct. at 2563. But because the language of the applicable Tennessee aggravating statute in the instant case is materially similar to language set forth in the ACCA's elements clause, rather than the residual clause, *Johnson* does not entitle Sutton to relief.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: March 21, 2018

Mr. John H. Bledsoe
Office of the Attorney General
Federal Habeas Corpus Division
500 Charlotte Avenue
Nashville, TN 37243

Mr. Stephen M. Kissinger
Federal Defender Services
800 S. Gay Street
Suite 2400
Knoxville, TN 37929

Re: Case No. 17-5640, *Gary Sutton*
Originating Case No. : 3:17-cv-00226

Dear Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Patricia J. Elder
Senior Case Manager
Direct Dial No. 513-564-7034

cc: Mr. John L. Medearis

Enclosure